UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FELIX REYES DE LEON, | |
| Petitioner, | Civil No. 10-1091 (JAF) |
| v. | (Crim. No. 03-00081-13 ) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**OPINION AND ORDER**

Petitioner brings this pro-se petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. (Docket No. 1.) Respondent opposes (Docket No. 5), and Petitioner does not reply.

**I.**

**Factual History**

On July 17, 2003, a federal grand jury indicted Petitioner, along with twenty-six co-defendants, in the Superseding Indictment ("the Indictment") for conspiracy to possess with intent to distribute, and distribution of,

> [f]ive (5) kilograms or more of cocaine, and/or fifty (50) grams or more of cocaine base ("crack"), both Schedule II Narcotic Drug Controlled Substances, and/or one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, the Nemesio R. Canales Housing project; or of public elementary

Civil No. 10-1091 (JAF)                                                                                                          -2-

and secondary schools, that is, Nemesio R. Canales School Number 1, and the Nemesio R. Canales School Number 2 . . . ,

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 860. (Crim. No. 03-081, Docket No. 149 at 2–3.) The Indictment alleged that the conspiracy lasted from "on or about June 2001" up to March 2003. (Id. at 2.)

After an eight-day jury trial, Petitioner was found guilty of Count One of the Indictment on February 25, 2005. (Crim. No. 03-081, Docket No. 995 at 1.) On August 30, 2005, Petitioner was sentenced to a three-hundred-and-twenty-four month term of imprisonment plus a five-year term of supervised release. (Id. at 2.) The First Circuit affirmed Petitioner's conviction on September 9, 2008. (Crim. No. 03-081, Docket No. 1213.) Petitioner's writ of certiorari was denied on April 6, 2009. Felix Reyes-De Leon v. United States, 129 S. Ct. 1923 (2009). Petitioner timely filed his petition under 28 U.S.C. § 2255 on February 5, 2010. (Docket No. 1.)

## II.

## **Standard for Relief Under 28 U.S.C. § 2255**

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . .'are contradicted by the record, inherently incredible, or conclusions rather than statements

of fact.'" United States v. Rodríguez Rodríguez, 929 F.2d 747, 749–50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner brings six claims to challenge his conviction: (1) He alleges ineffective assistance of trial counsel (Docket No. 1-2 at 2–8); ineffective assistance of appellate counsel (Id. at 9–11); (3) insufficiency of the evidence (Id. at 11); (4) he alleges the unlawful use of wiretap evidence in violation of the Fourth Amendment (Id. at 15); (5) he alleges that the government withheld exculpatory material in violation of Brady v. Maryland, 373 U.S. 83 (1963) (Id. at 16.); and (6) he challenges the drug quantity enhancement at sentencing. (Id. at 18.) We discuss each claim in turn, and for the reasons outlined below find that Petitioner is not entitled to § 2255 relief.

**A.    Ineffective Assistance of Counsel**

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, Petitioner must

Civil No. 10-1091 (JAF)                                                                                                          -4-

show not only a deficient performance by trial counsel, "but also that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." United States v. Manon, 608 F. 3d 126, 131 (1st Cir. 2010) (quoting Strickland v. Washington, 466 U.S. at 687).

A Petitioner may satisfy the deficient performance prong by showing that the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 688). Furthermore, Petitioner faces the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Our inquiry into counsel's performance is "highly deferential." Sleeper v. Spencer, 510 F.3d 32, 38 (1st Cir. 2007) (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)). Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See Strickland, 466 U.S. at 690. A decision by counsel not to pursue "futile tactics" cannot be characterized as deficient performance. Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999); see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (noting that failure to raise meritless claims is not deficient performance).

"The prejudice factor requires the defendant to 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Manon, 608 F. 3d at 131–32. (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Civil No. 10-1091 (JAF)                                                                                                    -5-

at 694.  We focus on the "fundamental fairness of the proceeding" when making an ineffectiveness assessment.  <u>Strickland</u>, 466 U.S. at 696; <u>see also</u> <u>Gonzalez-Soberal</u>, 244 F.3d 273, 278 (1st Cir. 2001).

        1.     **<u>Ineffective Assistance of Trial Counsel</u>**

Petitioner alleges that his trial counsel was ineffective because counsel (a) failed to challenge the sufficiency of the evidence; (b) did not file a motion to dismiss the Indictment; (c) did not sufficiently investigate witnesses and evidence; (d) failed to object to the drug quantity enhancement at sentencing; (e) did not challenge alleged inaccuracies in the pre-sentence report ("PSR"); and (f) failed to raise a <u>Brady</u> claim.  (Docket No. 1-2 at 2–8.)

        a.     **<u>Failure to Challenge the Sufficiency of the Evidence</u>**

Petitioner's claim that counsel failed to challenge the sufficiency of the evidence lacks a factual basis.  The transcript of the trial reveals that counsel did, in fact, challenge the sufficiency of the evidence of Petitioner's involvement in the conspiracy, as well as the sufficiency of the evidence regarding his firearm possession.  (Crim. No. 03-0081, Docket No. 849 at 629–32.)  The trial court rejected this challenge.  (<u>Id.</u> at 632–33.)

        b.     **<u>Failure to Bring a Motion to Dismiss the Indictment</u>**

Petitioner further claims that counsel's failure to bring a motion to dismiss based on sufficiency of the evidence and alleged deficiencies in the Indictment constituted ineffective assistance of counsel.  (Docket No. 1-2 at 3–4.)  Petitioner does not offer any reason that counsel should have brought a motion to dismiss, apart from vague arguments that Petitioner

was not necessarily a conspirator, and that the indictment failed to "set out facts constituting the offense charged." (Id. at 4.) We reject his attack on the Indictment as deficient in failing to charge Petitioner with any overt acts in furtherance of the conspiracy. (See id. at 12.) "Overt acts. . . are not elements of drug conspiracy offenses" under 21 U.S.C. § 846, which does not require proof of overt acts for a conviction. United States v. Pimentel, 539 F.3d 26, 30 (1st Cir. 2008) (citing United States v. Shabani, 513 U.S. 10, 13–14 (1994)).

Moreover, counsel made a reasonable strategic decision in moving to strike several items in the Indictment. Counsel brought two motions to strike pursuant to Federal Rule of Criminal Procedure 7(d). The first motion sought to strike certain allegations in the Indictment as prejudicial. (Crim. No. 03-0081, Docket No. 788 at 2 (arguing to strike a paragraph alleging that conspirators murdered in furtherance).) The second motion sought to strike everything but the statutory language of the offense charged in Count One, arguing that all the supporting factual allegations were prejudicial surplusage. (Crim. No. 03-0081, Docket No. 792 at 4–5.) Petitioner has failed to offer any other reasons why these motions to strike constitute deficient performance. Counsel could have sensibly surmised that the trial court would reject a motion to dismiss based on sufficiency of the evidence.[1] We find that counsel's decision to move to

---

[1] The First Circuit rejected Petitioner's sufficiency of the evidence arguments on direct appeal. United States v. Cruz-Rodriguez, 541 F.3d 19, 28 (1st Cir. 2008). Furthermore, the evidence adduced at trial was sufficient for the jury to reach a verdict of guilty beyond a reasonable doubt. See United States v. Mechanik, 475 U.S. 66, 67 (1986) (noting that verdict of "guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the offenses for which they were convicted," despite violation of Federal Rule of Criminal Procedure 6(d) during grand jury proceedings).

strike instead of moving to dismiss fell well within the realm of "reasonable professional judgment." Strickland, 466 U.S. at 690.

### c. Failure to Conduct Pretrial Investigation

Petitioner next asserts that counsel failed to conduct sufficient pretrial investigation, arguing that counsel failed to investigate evidence and witnesses. This claim lacks merit, as Petitioner fails to "allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Porter, 924 F.2d 395, 397 (1st Cir. 1991) (quoting United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)) (internal quotation marks omitted). "Where, as here, the result of counsel's alleged failure to investigate is wholly speculative, Strickland's prejudice prong is not satisfied." Janosky v. St. Amand, 594 F.3d 39, 49 (1st Cir. Mass. 2010) (citing id.).

The only proposed scenarios offered by Petitioner describing supposed new facts and different resulting outcomes from proper investigation prove absurd. First, Petitioner alleges that counsel failed to investigate the initial statements of government witness Edna Díaz and, as a result, failed to impeach her at trial using such statements. (Docket 1-2 at 6.) Petitioner also claims that counsel did not challenge sentencing enhancements made based on the testimony of Díaz. (Id.) Both of these allegations are false. Counsel did, in fact, attempt to impeach Díaz by questioning her as to whether she made inconsistent prior statements to case agents and prosecutors regarding Petitioner's role in the conspiracy. (Crim. No. 03-0081, Docket No. 846 at 156–57.) And counsel did object to Díaz' testimony at sentencing, attacking

Civil No. 10-1091 (JAF)                                                                                          -8-

it as hearsay and as inconsistent with that of other witnesses.[2] (Crim. No. 03-0081, Docket No. 1052 at 21.)

Finally, Petitioner falsely alleges that "counsel failed to do any investigations whatsoever." (Docket No. 1-2 at 8.) Petitioner himself has produced a letter from counsel to the government seeking to clarify minor discrepancies, such as dates in discovery materials, and requesting further information as to evidence against Petitioner. (Docket No. 1-3 at 4–5.) Counsel also informed the court at trial that he had received discovery information. (Crim. No. 03-0081, Docket No. 846 at 157.) From counsel's questions to Díaz during cross-examination at trial, and from his statements during sentencing, we see that he was acquainted with both the facts of the case and the background of the government witness.

"Since Petitioner fails to articulate what facts the additional investigation or interviews would have uncovered. . ., he cannot claim that he was prejudiced from any alleged inaction by his attorney." Alicea-Torres v. United States, 455 F. Supp. 2d 32, 46 (D.P.R. 2006) (citing United States v. Porter, 924 F.2d 395, 397 (1st Cir. 1991) (finding no prejudice absent showing that failure to investigate or interview witnesses deprived defendant of "viable defense")).

### d.     Failure to Challenge the Drug Quantity Enhancement

Petitioner brings yet another claim lacking a factual basis, alleging that trial counsel was ineffective for failing to object to the drug quantity enhancement at sentencing. At the

---

[2] Counsel also argued that Diaz' drug use and strained relationship with Petitioner rendered her testimony unreliable. (Crim. No. 03-0081, Docket No. 1052 at 21.) We also note that Petitioner was not convicted based solely on the testimony of Díaz alone; the Court of Appeals observed that two other witnesses provided evidence to support the guilty verdict. Cruz-Rodriguez, 541 F.3d at 28.

Civil No. 10-1091 (JAF)                                                                                                    -9-

sentencing hearing, counsel objected to the amount of drugs attributed to Petitioner in the PSR (Crim. No. 03-0081, Docket No. 1052 at 22.) Additionally, counsel filed an Objection to the PSR, challenging the quantity of drugs for which Petitioner was held accountable. (Crim. No. 03-081, Docket No. 983 at 1–2.) Counsel also argued a that "a two (2) level increase [was] not warranted" in conjunction with firearms or the possession of firearms or drugs near a public housing project or school. (Id. at 2.)

###    e.    Failure to Discuss and Object to the PSR

Petitioner briefly alleges that counsel was ineffective for both "failing to discuss the [PSR] with Petitioner, and for failing to bring to the court's attention factual inaccuracies in the PSR which [sic] were relevant to the determinations of relevant conduct (such as drug quantity and gun enhancements) at sentencing." (Docket 1-2 at 7.) This claim lacks merit; counsel did raise such objections to the PSR, and Petitioner fails to show that counsel's alleged failure to review the PSR with him resulted in prejudice. Counsel filed a motion prior to sentencing, objecting to several PSR statements regarding drug quantity, firearms, and Petitioner's role in the conspiracy. (Crim. No. 03-081, Docket No. 983 at 1–2.) He discussed the same objections with the court during the sentencing hearing. (Crim No. 03-081, Docket No. 1052 at 15–20.)

Even assuming, arguendo, that counsel failed to discuss the PSR with Petitioner, the only issues that Petitioner has identified as "ones that ought to have been raised in objections to the [PSR] and at the sentencing hearing, in fact, were raised by trial counsel. . . ." Gonzalez v. United States, 190 Fed. Appx. 936, 937 (11th Cir. 2006) (affirming denial of ineffective

Civil No. 10-1091 (JAF)                                                                                              -10-

assistance of counsel claim). Petitioner has failed to suggest additional challenges counsel could have made to the PSR, and he has not shown how his sentence might have differed as a result of such a consultation. Id.; see also United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). As a result, Petitioner cannot demonstrate that he suffered prejudice resulting from counsel's alleged failure to discuss the PSR with him. See Sims v. United States, No. 96-1125, 1996 U.S. App. LEXIS 23951, at *9 (7th Cir. Sept. 9, 1996) (rejecting claim that alleged failure to discuss PSR constituted ineffective assistance of counsel when Petitioner failed to show prejudice and counsel had raised several objections to PSR); Guzman v. United States, No. 98-12086-MLW, 2004 U.S. Dist. LEXIS 28368, at *41 (D. Mass. June 4, 2004) (same).

        **f.**     **Failure to Raise Brady Claim**

Finally, Petitioner alleges that counsel was ineffective for failing to raise a claim under Brady v. Maryland, 373 U.S. 83 (1963), based on alleged government withholding of exculpatory discovery material. Petitioner fails to offer anything beyond vague references to unknown exculpatory information, and provides no factual support for this claim.[3] "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Casas v. United States, 576 F. Supp. 2d 226, 234 (D.P.R. 2008) (quoting Nikijuluw v. Gonzales, 427 F.3d 115, 120 n. 3 (1st Cir. 2005)

---

[3] Instead, Petitioner offers a letter faxed to the prosecutor, wherein counsel inquired as to a few variances in dates in discovery material, and pointed out a ten-dollar discrepancy in the named sum paid during a controlled purchase. (Docket No. 1-3 at 4–5.)

(internal quotation marks omitted) (rejecting § 2255 Petitioner's vague allegations of prosecutor's misbehavior as too "skeletal")).

### 2. Ineffective Assistance of Appellate Counsel

Claims of ineffective assistance of appellate counsel are measured under the Strickland standard, discussed above in Part III.A. Smith v. Robbins, 528 U.S. 259, 285 (2000). To satisfy this stringent standard, Petitioner must "show that his counsel was objectively unreasonable... in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." Id. (citing Strickland, 466 U.S. at 687–91). "Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits." Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002). It is within the framework of deference to appellate counsel's strategic choices that we evaluate Petitioner's claims, and find them lacking in merit.

### a. Failure to Raise Fourth Amendment Claim

Petitioner claims that appellate counsel provided ineffective assistance of counsel in failing to challenge evidence obtained through an unlawful wiretap. (Docket No. 1-2 at 9–10.) This claim fails because petitioner does not specify which, if any, evidence from an unlawful wiretap provided the basis for the government's case, as he alleges. (Id.) "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Zannino, 895 F.2d at 17.

Moreover, Petitioner has not shown actual prejudice stemming from appellate counsel's failure to bring a challenge; the supposed wiretap evidence provided did not provide the grounds for his conviction. The government's evidence of Petitioner's participation in the conspiracy came "in the form of testimony from three government witnesses" at trial. United States v. Cruz-Rodriguez, 541 F.3d 19, 28 (1st Cir. 2008). Therefore, Petitioner cannot show he was prejudiced by the alleged use of wiretap evidence, as such evidence did not form the basis for his conviction.

### b. Failure to Seek Certiorari

We dismiss Petitioner's argument that appellate counsel's failure to file a petition for a writ of certiorari constituted ineffective assistance. As the Supreme Court has held, counsel's failure to file for discretionary review cannot constitute ineffective assistance of counsel, as Petitioner has no constitutional right to counsel for discretionary appeals. Wainwright v. Torna, 455 U.S. 586, 588 (1982).

### c. Failure to Challenge Sufficiency of the Evidence

Petitioner next claims that appellate counsel provided deficient performance in failing to challenge the sufficiency of the evidence. This claim also proves false; appellate counsel raised, and the First Circuit rejected, such an argument on direct appeal. Cruz-Rodriguez, 541 F.3d at 28.

### d.   Failure to Raise Brady Claim

Petitioner makes the cursory allegation that appellate counsel was deficient for failing to raise a claim under Brady v. Maryland, 373 U.S. 83 (1963). As discussed in Part III.A.1.f., this argument is waived as underdeveloped, because Petitioner has neither identified any supposedly exculpatory material, nor offered any other details in support of the claim. See Casas, 576 F. Supp. 2d at 234.

### B.   Sufficiency of the Evidence

Petitioner brings the same claim regarding sufficiency of the evidence that he brought on direct appeal. Cruz-Rodriguez, 541 F.3d at 28. Because the Court of Appeals has already heard and rejected this argument, Petitioner may not relitigate it on collateral review. Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (citations omitted); United States v. Michaud, 901 F. 2d 5, 6 (1st Cir. 1990) (citing Tracey v. United States, 739 F. 2d 679, 682 (1st Cir. 1984).

Petitioner also attacks the Indictment as deficient for failing to name him as a participant in any overt acts alleged in the conspiracy. As this argument was not raised at trial or on direct appeal, it fails as procedurally defaulted. Petitioner cannot seek relief now on collateral review unless he can demonstrate both cause to excuse the default and that "actual prejudice" resulted from this error. See Suveges v. United States, 7 F.3d 6, 13 (1st Cir. 1993) (citing United States v. Frady, 456 U.S. 152, 167 (1982)). Petitioner cannot show cause or prejudice; this attack on the Indictment lacks merit, as discussed above in Part III.A.1.b.[4]

---

[4] As discussed in Part III.A.1.b., even if Petitioner were not barred from relitigating it, this argument lacks force, as 21 U.S.C. § 846 does not require proof of overt acts to obtain a conviction.

Civil No. 10-1091 (JAF) -14-

C.  **Fourth Amendment Wiretap Claim**

Petitioner again hastily alleges that the government used evidence against him gained from an illegal wiretap, in violation of the Fourth Amendment. Petitioner failed to raise this claim on direct appeal or during trial and, thus, the claim fails as procedurally defaulted. Petitioner has shown neither cause to explain the default nor resulting prejudice. See id. The only cause Petitioner offers for his failure to raise this claim below is yet another assertion of ineffective assistance of counsel, which we rejected above in Part III.A.2.a. Moreover, we have held, based on the Supreme Court's decision in Stone v. Powell, that a § 2255 Petitioner may not "attack the introduction at trial of unlawfully searched or seized evidence if he had a full and fair opportunity to litigate the alleged Fourth Amendment violation at trial or on direct appeal." Coneo-Guerrero v. United States, 142 F. Supp. 2d 170, 177 (D.P.R. 2001) (citing Stone v. Powell, 428 U.S. 465, 494–95 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.")). Exclusionary rule aside, Petitioner's vague, bare-bones' allegations of unlawful wiretap evidence without supporting facts or details could not support such a claim. Zannino, 895 F.2d at 17.

---

Shabani, 513 U.S. at 13–14; see also United States v. Sepulveda, 15 F. 3d 1161, 1192 (1st Cir. 1993) ("[T]the frequency with which a person is (or is not) mentioned in an indictment is an insufficient indicium of the indictment's particularity.").

### D. Brady Claim

Petitioner asserts another new claim not brought on direct appeal, which also proves procedurally defaulted. Petitioner offers an unsupported and skeletal claim that the government withheld unidentified exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963). Even if this claim were not procedurally barred, we would deem it waived as too perfunctory and underdeveloped, as discussed above in Part III.A.1.f. See Zannino, 895 F.2d at 17; Casas, 576 F. Supp. 2d at 234.

### E. Drug Quantity Enhancements

Petitioner again challenges his drug quantity enhancement at sentencing, alleging that the sentencing court merely adopted the PSR's recommendation to hold him accountable for the overall drug amount of the conspiracy. (Docket 1-2 at 18.) On direct appeal, Petitioner offered a nearly-identical challenge to his sentence, arguing that the sentencing court "failed to make an individualized drug quantity finding." Cruz-Rodriguez, 541 F.3d at 35. The Court of Appeals noted that the sentencing court found that "Reyes was 'reasonably responsible' for at least five kilograms but less than fifteen kilograms of cocaine." Cruz-Rodriguez, 541 F.3d at 35. Petitioner might change the wording, but this claim was "decided on direct appeal and may not be relitigated under a different label on collateral review." Michaud, 901 F.2d 5 at 6 (citations omitted). In addition to challenging the drug quantity enhancement, he also attacks witness testimony regarding drug quantity as incredible. To the extent this claim is not barred

by virtue of having been decided on direct appeal, it is procedurally defaulted, as Petitioner failed to raise this argument on direct appeal. See Frady, 456 U.S. at 167.

## IV.

## Certificate of Appealability

Under Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief, we must also determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Based on the reasons stated above, we find that no reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong and we, therefore, deny him a COA. Petitioner may request a COA directly from the First Circuit. See Fed. R. App. P. 22.

## V.

## Conclusion

For the foregoing reasons, we **DENY** Petitioner's § 2255 petition (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily **DISMISS** this

Civil No. 10-1091 (JAF)                                                                                     -17-

petition, because it is plain from the record that Petitioner is entitled to no relief.  We **DENY**

Petitioner a COA.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 15th day of October, 2010.

                                                   s/José Antonio Fusté
                                                   JOSE ANTONIO FUSTE
                                                   Chief U.S. District Judge